IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

2021 NOV 15  A 11: 03

MAURISHA WILSON, )
)
Plaintiff, )
)
) CIVIL ACTION NO:
v. ) CV-2021
) JURY DEMAND
) 2:21-CV-1014-GMB
MERCEDES-BENZ US )
INTERNATIONAL, INC, (MBUIS), )
)
Defendant. )

## COMPLAINT

### I. INTRODUCTION

1. This is an action for legal and equitable relief to redress retaliation against Maurisha Wilson. The suit is brought to secure the protection of and to redress the deprivations of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981a, which provide for relief against retaliation in employment. Plaintiff seeks injunctive relief, equitable relief, compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. §1981a.

1

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 28 U.S.C. §§2201 and 2202.

3. A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendant within Tuscaloosa County. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

4. The Plaintiff timely filed her charge of discrimination with the EEOC within 180 days of the discriminatory/retaliatory act and has filed her retaliation case within ninety (90) days of receipt of her Notice of Right to Sue (Conciliation Failure) dated August 19, 2021.

5. The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. §1981a.

## III. PARTIES

6. Plaintiff, Maurisha Wilson, is a female citizen of the United States and a resident of Oxford, (Calhoun/Talladega County) Alabama. At all times relevant to this lawsuit, Plaintiff was employed by Defendant at its location in Vance, Alabama.

7. Defendant, Mercedes-Benz US International, Inc. (MBUIS) is an employer doing business in this district. At all times relevant to this action, the Defendant is an employer pursuant to Title VII of the Civil Rights Act of 1964.

Venue is proper in this Court pursuant to 28 U.S.C. §1367 and 38 U.S.C. §4323(c)(2).

IV. **ADMINISTRATIVE EXHAUSTION**

8. Plaintiff has satisfied all conditions precedent to the filing of this legal actions as required by Title VII.

9. On or about July 28, 2020, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunities Commission (Charge #420-2020-02652).

10. Plaintiff subsequently received a cause finding from them EEOC, then received a Notice of Right-To-Sue from the EEOC dated August 19, 2021, after conciliation failed regarding the EEOC's Letter of Determination, and timely filed this complaint within ninety (90) days of the receipt of said Notice.

V. **STATEMENT OF FACTS AND CLAIMS**

11. Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above with the same force and effect as if fully set out in specific detail hereinbelow.

12. Plaintiff is a lesbian female who worked at Mercedes Benz in Tuscaloosa, Alabama from April 2014 until her termination in March 2020.

13. Plaintiff was moved to the Paint Department in August 2019 and was given a Level 3 warning at the time after she reported harassment by another employee Margarette Johnson. Plaintiff contested this discipline and does not

3

believe she should have been placed on this disciplinary level.

14. During or before December 2020, Plaintiff was sexually harassed by Fred Rogers who became her supervisor when she was moved to the Polish Line in the Paint Department.

15. Plaintiff is an African-American lesbian who is engaged to another female. Rogers would flirt with Plaintiff, constantly watch Plaintiff, brush up against her, wink, and stare at her and make sexual remarks to Plaintiff.

16. Once during a break, Plaintiff was on a Facetime call with her fiancé. Rogers walked up to the plaintiff, saw her fiancé, and started complimenting her. He kept staring at her and telling her how beautiful she was to the point they started to become uncomfortable.

17. When Rogers discovered that the plaintiff was a lesbian and had a fiancé, he began to make sexual jokes and remarks about her sexuality. He made these remarks in front of other team members, mostly the male employees. Some of the remarks Rogers would make were:

* "I can give you what you want;"
* "I can fuck you better than your little girlfriend can;"
* "She uses the silicon, but my dick is the real thing;"
* He would always discuss and make up fantasies about what he wanted to do to plaintiff;
* He said that he "would convert [me] back over to men if [I] would give him one chance;"
* Rogers constantly called plaintiff "sweetie," "baby," and "honey;"
* Rogers constantly commented on plaintiff's hair and told her

4

how beautiful she was and how cute she looked.

18. Rogers would ask Plaintiff very personal questions about her relationship, such as,

* how long has plaintiff and her fiancé been together?
* are you really gay?
* do you really like females?
* what kind of sexual things does plaintiff's fiancé do to her?
* asking how they met?
* asking how plaintiff ended up being with a female.

19. Rogers would stare at the plaintiff and look her up and down every time she would come around. He would walk up and stand close to the plaintiff, sometimes without her knowing it until he was there. He also walked up on the plaintiff at times and brush up on her and even bumped her.

20. Rogers' actions toward the plaintiff made her feel like she was working in a hostile working environment. Rogers is a very tall and intimidating man.

21. Plaintiff did not welcome Rogers' behavior and did not participate at all in the harassment.

22. Plaintiff reported Rogers' harassing behavior to her supervisor, Lajuan Jones, in December 2019. Jones took the issue to HR. Plaintiff was in fear about the situation and was afraid that she would end up losing her job because Rogers was her team leader. Plaintiff provided a written statement about Rogers conduct on December 16, 2019.

23. At some point, Plaintiff heard that Rogers was already under investigation by MBUSI for sexual harassment of another woman.

24. HR began an investigation and started to question people on the line. Most of the team members were friends with Rogers and were upset and angry that he was being investigated. Rogers had team members ask around to see who had made the complaint against him.

25. At some point, Rogers discovered that the plaintiff was the one who made the complaint. Plaintiff believes that either a Group Leader or someone in HR informed Rogers that she was the one who had made the complaint. Once he found out that the plaintiff was the one who made the complaint, Plaintiff began to suffer more harassment and bullying. Rogers would call the plaintiff out on everything he alleged she missed on cars. He would stop the line and scream at the plaintiff in front of other team members and single her out in front of other team members. It seemed like he was trying to break the plaintiff down and at times he had her crying on the line. The plaintiff wanted to quit her job rather than deal with him every night. Other team members would try to calm the plaintiff down and would tell her not to let Rogers see her cry because then he would know that he had gotten to her.

26. A while after the plaintiff made the complaint and endured further harassment, she was told by HR that the investigation was over, and Rogers would be dealt with. Plaintiff did not hear anything else about the investigation. Some of

the team leaders and team leaders blamed the plaintiff for anything that happened to Rogers. Plaintiff later discovered that Rogers was allegedly terminated sometime in January 2020.

27. After the plaintiff made her complaint and Rogers was terminated, she was suspended, allegedly because of attendance infractions. However, under MBUSI rules that Plaintiff should not have received as many points as she was given and that she should not have been suspended.

28. The attendance disciplinary actions are usually kept separately from other disciplines at the plant.

29. Therefore, the fact that the plaintiff was at a level 3 because of the August 19, 2019 discipline should not have a bearing on her termination for attendance, because the attendance violations should have been counted differently.

30. Moreover, Plaintiff provided Defendant with documentation for both of her absences in question on January 24, 2020 and February 26, 2020, contrary to what Defendant says. Plaintiff had previously called or texted into her supervisor and/or HR to let them know of the issues she was having and that she would not be able to make it into work. It was her supervisor who had the discretion whether or not to approve her absences and he declined to do so. If her supervisor had approved her absences, then she would not have received the points Mercedes wrongfully used to terminate her.

31. Plaintiff's supervisor's decision to not approve her absences was in retaliation for her recently filed sexual harassment complaint which led to Fred Rogers termination, which eventually led to Plaintiff's termination.

32. Plaintiff was eventually terminated effective March 10, 2020, for alleged violations of MBUSI HR One Team Regulations.

33. Plaintiff believes that she was subjected to a hostile work environment by Fred Rogers because of her sex and sexual orientation. Plaintiff was disciplined, suspended, and terminated in retaliation for her complaints regarding the sexually hostile work environment.

34. Plaintiff has suffered severe emotional distress, embarrassment, and humiliation as a result of the harassment and Defendants' conduct.

35. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## CAUSE OF ACTION: RETALIATION PURSUANT TO TITLE VII

36. Plaintiff re-alleges and incorporates by reference paragraph 1-35 above with the same force and effect as if fully set out in specific detail hereinbelow.

37. Plaintiff engaged in protected activity by complaining about sexual/sexual orientation harassment when she reported Rogers' harassing behavior to her supervisor, Lajuan Jones, in December 2020, the issue was taken to HR, and Plaintiff provided a written statement to HR.

38. Plaintiff was then terminated because of her complaints about sexual/sexual orientation harassment.

39. Defendant's retaliatory actions, which happened in close temporal proximity to Plaintiff's complaints, are causally related to Plaintiff's protected activity.

40. Defendant's reason for discharging Plaintiff was pretext for retaliation.

41. As a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

42. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

43. The plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI.  **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964.

3. Grant Plaintiff an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement, back-pay, interest, punitive and compensatory damages and/or nominal damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES.

Respectfully submitted,

_____
Kevin W. Jent
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
205/254-1500 (fax)

**DEFENDANT'S ADDRESS TO BE SERVED VIA CERTIFIED MAIL:**

Mercedes-Benz US International, Inc. (MBUIS)
c/o Nichols W. Steven, Register Agent
1 Mercedes Drive
Vance, Alabama 35490